CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Roanoke
JUN 0 5 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Jen Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE BERKLY DESHAWN MOORE, | ) | Civil Action No. 7:07cv00473 |
|     Petitioner, | ) | |
| | ) | **2255 MEMORANDUM** |
| v. | ) | **OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner George Berkly Deshawn Moore ("Moore"), a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Moore requests that his convictions be vacated, maintaining that his counsel provided ineffective assistance at trial and claiming prosecutorial misconduct. Respondent filed a motion to dismiss[1], to which Moore filed a timely response, making the matter ripe for the court's consideration. For the reasons stated herein, the court will grant respondent's motion for summary judgment.

## I. Factual and Procedural Background

On September 18, 2003, Moore and another defendant, James Henry Moore, were charged in a three-count indictment returned by a federal grand jury in the Western District of Virginia. A superseding indictment was filed on June 2, 2005, and again on June 23, 2005. Count One of the second superseding indictment charged Moore with intentionally distributing a measurable quantity of a mixture or substance containing cocaine base on or between February 2003 and March 2003, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Two of the second superseding indictment charged Moore with knowingly displaying a firearm during and

---

[1] As respondent attaches an affidavit of counsel and supporting documents, and relies on these documents in his motion, the court must construe and address the motion as one seeking summary judgment. Fed. R. Civ. P. 12(b) and 56.

in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count Three of the second superseding indictment charged Moore and James Henry Moore with intentionally possessing with the intent to distribute five grams or more of a mixture or substance containing cocaine base on July 8, 2003, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Count Four charged Moore and James Henry Moore with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2.

A jury trial was held on July 26-27, 2005, and Moore was ultimately found not guilty as to Counts One and Two and guilty as to Counts Three and Four. Moore's motion for judgment of acquittal and for a new trial was denied by the court on September 2, 2005. On October 31, 2005, Moore was sentenced to a total term of imprisonment of 168 months, consisting of 108 months as to Count Three and 60 months as to Count Four, with the terms of imprisonment to run consecutively. The judgment of the court was affirmed by the United States Court of Appeals for the Fourth Circuit by unpublished per curiam opinion entered June 1, 2006. Petitioner then filed a petition for writ of certiorari with the Supreme Court of the United States which was denied on October 2, 2006.

On September 27, 2007, Moore filed a timely motion for relief pursuant to 28 U.S.C. § 2255, alleging that his attorney provided ineffective assistance of counsel "at the [a]ppellate stage" and alleging claims of prosecutorial misconduct. (Mot. Vacate at 5.) On November 26, 2007, Moore filed a motion to amend his § 2255 motion, alleging that counsel failed to investigate potential witnesses prior to trial, that counsel failed to raise the issue of prosecutorial misconduct at trial and on appeal, and that the prosecutor knowingly relied on perjured testimony

-2-

Case 7:07-cv-00473-NKM-mfu   Document 24   Filed 06/05/08   Page 2 of 11   Pageid#: 117

during the trial.[2] The court finds that Moore's claims lack merit and, thus, that respondent's motion for summary judgment must be granted.

## II. Standard of Review

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-25 (1986). I must view the facts and the inferences drawn therefrom in the light most favorable to the non-moving party. Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1004 (4th Cir. 1987). While viewing the facts in such a manner, courts look to the affidavits or other specific facts to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. "Where no genuine issue of material fact exists," it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

## III. Analysis

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional

---

[2] The court further notes that on October 22, 2007, Moore filed a motion for discovery which was denied by order entered November 5, 2007. Moore filed a notice of interlocutory appeal on November 21, 2007. By order entered January 3, 2007, the United States Court of Appeals for the Fourth Circuit granted respondent's motion to dismiss the interlocutory appeal.

violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, a petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Prosecutorial Misconduct

Moore contends that the "prosecutor[']s conduct and methods during trial" were "vindictive as well as unethical." (Mot. Amend at 4.) Specifically, Moore alleges that the prosecutor knowingly relied upon perjured testimony to secure Moore's convictions. He contends that the testimony was perjured because it was "coerced" and "conflicting" and complains that the government used as a witness a "drug addict" who "would say [and] do anything to avoid" incarceration or gain a substantial assistance motion. (Mot. Amend at 4; Resp. at 4.)

A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quoting United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995). To prevail under this standard, Moore must

show that "the prosecutor's remarks or conduct were improper and, . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id.

The court first notes that Moore's conclusory allegations are insufficient to support his claims of prosecutorial misconduct. Moore fails to provide or even describe the "perjured testimony," must less demonstrate that the prosecutor knowingly presented such evidence even though he knew it was false. See United States v. Roane, 378 F.3d 382, 401 (4th Cir. 2004) (finding that conclusory accusations that the government should have known that a statement was false, without more, do not warrant an evidentiary hearing or offer escape from summary judgment, for purposes of motion to vacate sentence in which defendant alleges that government knowingly presented perjured testimony in violation of due process clause).

Moreover, Moore's specific allegations indicate, at most, that the government's witnesses provided conflicting testimony. The use of testimony which the prosecution knows, or should know, is perjured or false may constitute prosecutorial misconduct; however, the mere existence of discrepancies in testimony does not establish that the prosecutor knowingly relied upon perjured testimony. See United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987) (stating that "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony"); United States v. Griffin, 194 F.3d 808, 818 (7th Cir. 1999) (finding that discrepancies in testimony given by cooperating drug dealers in defendant's first and second trials were mere inconsistencies in testimony that did not establish perjury or government's knowing use of perjured testimony, and thus did not warrant new trial).

Finally, Moore does not dispute that counsel zealously cross-examined the witnesses and noted the discrepancies in their testimony. It is the role of the jury to judge the credibility of

witnesses, resolve conflicts in testimony, and weigh the evidence, and the jury apparently found that those witnesses were more credible than Moore. See United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984); see also United States v. Zuno-Arce, 44 F.3d 1420, 1423 (9th Cir. 1995) (finding no evidence of prosecutorial misconduct where discrepancies in testimony could as easily flow from errors in recollection as from lies, and holding that whether witnesses lied or erred in their perceptions or recollections were proper questions for jury). For all of these reasons, the court cannot find that Moore was deprived of a fair trial because of the general testimonial discrepancies alleged by Moore in his § 2255 petition. Accordingly, the motion for summary judgment must be granted as to this claim.

### B. Ineffective Assistance of Counsel

Moore bears the burden of establishing that counsel's alleged failures rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. If it is clear that a petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has

satisfied the other prong. Id. at 697. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

**1. Failure to Investigate Potential Witnesses**

Moore contends that counsel put forth a "half-hearted" and "lackluster effort" during trial preparation by failing to "investigate potential witnesses before trial as a theory of defense." (Mot. Amend at 1; Resp. at 2.) The court finds that Moore fails to satisfy his burden of proof under Strickland and that counsel did not provide deficient performance.

Moore fails to allege what witnesses counsel should have investigated or contacted, the substance of their testimony, or how their testimony would have been favorable to the defense. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (requiring that a habeas petitioner proffer with specificity what additional testimony counsel should have presented at trial and how, as a result of that testimony, the result would have differed). Moreover, Moore fails to address or challenge counsel's contention that his "investigation and trial preparation was extensive." (Mot. Dismiss, Ex. A at 3.) Specifically, counsel contends that he obtained and read the grand jury testimony, spoke with several law enforcement officers concerning Moore's apprehension, and interviewed the informant who was scheduled to testify against Moore at trial. As a result of that investigation, counsel contends that he had subpoenas issued for two witnesses, a police officer and a probation officer, but noted that he was unable to find any other witnesses favorable to the defense. Counsel alleges that, on multiple occasions, he "emphasized to Moore that if he knew of any potentially favorable witnesses he needed to identify those individuals" so that they could be interviewed and summoned. (Mot. Dismiss, Ex. A at 3.) Counsel contends that he discussed this subject with Moore by phone and in person and he

-7-

Case 7:07-cv-00473-NKM-mfu   Document 24   Filed 06/05/08   Page 7 of 11   Pageid#: 122

provides copies of several letters to Moore concerning that very issue. Moore does not contest that he failed to suggest any potential witnesses prior to or during trial.

Accordingly, the court finds that Moore's unsupported allegations are insufficient to demonstrate that counsel rendered ineffective assistance and that the record reflects that counsel put forth a more than sufficient effort during trial preparation, including investigating potential witnesses. Thus, the motion for summary judgment must be granted as to this issue.

**2. Failure to Challenge Hearsay Evidence**

Moore further complains that counsel accepted "the government[']s version of so-call[ed] facts presented in the form of hearsay statements made by an informant which implicated defendant." (Mot. Amend at 1.) Once again, the court finds that Moore fails to satisfy his burden of proof under Strickland and that counsel did not provide deficient performance.

Moore fails to provide the court with any of the alleged "hearsay" statements presented at trial. Nor does he provide the court with an analysis of how these statements prejudiced him. Moreover, counsel alleges, and Moore does not contest, that the informant testified at trial "on the basis of his personal knowledge, direct observations and conversations with Moore rather than on the basis of hearsay" and "was subject to cross-examination." (Mot. Dismiss, Ex. A at 4-5.) Counsel further notes, again without contest, that he did not simply "accept" the government's evidence. Indeed, he filed a series of motions to compel the disclosure of the informant's identity, location, criminal history, and compensation, and ultimately interviewed the informant in person several weeks prior to the trial.

Accordingly, the court finds that Moore's unsupported allegations are insufficient to demonstrate that counsel rendered ineffective assistance and that the record reflects that counsel
-8-

adequately investigated and challenged the government's evidence, including the testimony of the informant. Thus, the motion for summary judgment must be granted as to this issue.[3]

### 3. Failure to Raise the Issue of Prosecutorial Misconduct

Moore further alleges that the prosecutor committed misconduct by knowingly relying upon conflicting testimony at trial and complains that counsel failed to "raise the issue of prosecutorial misconduct through the trial and sentencing stages." (Mot. Amend at 2.) However, as Moore makes several references to appellate counsel in this section, it appears that he is really complaining that counsel failed to preserve that issue at trial and subsequently failed to raise the issue on appeal. He contends that "[h]ad counsel raised such issues, the outcome would have been different." (Resp. at 3.) The court finds that Moore again fails to satisfy his burden of proof under Strickland and that counsel did not provide deficient performance in this respect.

As previously noted, Moore fails to adequately demonstrate that the prosecutor committed misconduct. Counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987); see also Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make a frivolous motion). Accordingly, counsel was not ineffective for failing to raise the issue of prosecutorial misconduct at the trial level.

---

[3] In his response to the government's motion, Moore contends that it is "[w]ell-established that the [g]overnment witnesses had made conflicting statements as to the accounts of what actually occured [sic] on July 8, 2003," and complains that counsel "advised petitioner that to further litigate the issue would be futile." (Resp. at 3.) Moore again fails to satisfy his burden of proof as he fails to provide the court with any of the allegedly conflicting statements or allege how they negatively affected his trial. Accordingly, this ineffective assistance of counsel claim also lacks merit.

-9-

Furthermore, even if there was a basis for preserving that issue at trial and subsequently raising the issue on appeal, counsel was not required to note the issue on appeal. Appellate counsel has no constitutional duty to raise every nonfrivolous issue on appeal if counsel, as a matter of professional judgment, decides not to raise such issue on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Indeed, Moore himself attaches correspondence from counsel which states:

> After considerable analysis, I have concluded that we cannot possibly win any argument that there was no evidence of your guilt on Count Three (the distribution of crack count). The government put on two witnesses – William Starkie and James Moore – who testified that you sold crack on the day of your arrest. Equally important, the police also found 19 grams of crack, digital scales and plastic baggies in plain view of the car. Obviously the jury had some evidence to justify convicting you of the drug charge. The appeals court will not reverse a conviction that is based on at least some evidence. I have ... noted the several places where James Moore's testimony conflicted with Starkie's testimony concerning exactly what happened at BG's Express that Day. . . . Despite these conflicts in evidence, I see no way to win a reversal on the day [sic] dealing count. Indeed, for strategic and tactical reasons, I firmly believe it would be a mistake to challenge that part of the jury's verdict. All we would accomplish by challenging the drug conviction would be to irritate the appeals court judges who have to read our brief. We would lose credibility by arguing that thee [sic] was no evidence to support the drug conviction when obviously the jury had an evidentiary basis for this part of your conviction.

(Resp., Ex. A at 1-2). It is clear from counsel's correspondence to Moore that counsel made an informed decision based on reasonable professional judgment not to pursue the issue of

Case 7:07-cv-00473-NKM-mfu Document 24 Filed 06/05/08 Page 10 of 11 Pageid#: 125

conflicting testimony as it related to Count Three[4], the basis of Moore's prosecutorial misconduct claim, on appeal.

Thus, Moore's claims that his attorney rendered ineffective assistance of counsel by failing to raise the issue of prosecutorial misconduct at any stage of the proceedings fail to satisfy the requirements of Strickland and, accordingly, the motion for summary judgment must be granted as to this issue.

## IV. Conclusion

For the foregoing reasons, the court will grant respondent's motion for summary judgment. An appropriate order will be entered this day.

**ENTER**: This 5th day of June, 2008.

_____
United States District Judge

---

[4] The court notes that, on appeal, counsel did raise the discrepancy in testimony as it related to Count Four, the firearm charge. Once an issue has been fully considered and decided by the United States Court of Appeals for the Fourth Circuit, the defendant cannot re-litigate the issue before this court under § 2255. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th 1976). Accordingly, the court will not consider any aspect of the issue of a prosecutorial misconduct claim as it relates to conflicting testimony concerning the firearms charge. Regardless, as previously noted, such a claim lacks merit.

-11-